IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-423-RJC-DCK

| | |
|---|---|
| MAWULE TEPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CLIFTON L. CORKER. et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiff's "Motion For An Order Of Prohibition Against The Law Firm Baker Donelson Bearman Caldwell & Berkowitz P.C., And Motion To Strike Defendants Baker Donelson Bearman Caldwell & Berkowitz P.C., Derek Wayne Mullins, Justin Michael Sveadas, Truist Financial Corporation's Motion For Time Extension (ECF 24)" (Document No. 41) filed September 5, 2023. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will deny the motion.

The crux of *pro se* Plaintiff's motion appears to be the contention that Defendant Baker, Donelson, Bearman, Caldwell & Berkowitz P.C. ("DBCB"), a law firm, cannot be represented in this lawsuit by one of its own members, namely, attorney Jill Christine Walters. (Document No. 41) (citing N.C.Gen.Stat. 84-5). Plaintiff asserts that DBCB is a professional corporation and that a corporation cannot represent itself. (Document No. 41, p. 8) (citing N.C.Gen.Stat. 84-5). As such, Plaintiff requests that the Court: (1) strike Defendants DBCB and Truist Financial Corporation's ("Truist") motion for extension of time (Document No. 24); (2) prohibit DBCB (or

any other Defendant) from being represented by Jill C. Walters, or any other member of DBCB; and (3) allow leave for Plaintiff to seek entry of default and default judgment against DBCB and Truist for failing to file a timely Answer or other response. (Document No. 41, p. 9).

The undersigned first notes that the Court has already granted Defendants DBCB and Truist's motion for extension of time (Document No. 24). See (Document No. 25). These Defendants are expected to file an Answer, or otherwise respond to Plaintiff's Complaint, on or before **September 29, 2023**. Id.

In addition, the undersigned is not persuaded by Plaintiff's argument that attorney Jill Walters is disqualified from representing DBCB. It appears that Plaintiff's reliance on N.C.Gen.Stat. § 84-5 is misplaced. The statute states in pertinent part that "this section shall not apply to corporations authorized to practice law under the provisions of Chapter 55B of the General Statutes of North Carolina." N.C.Gen.Stat. § 84-5(a); see also 2A N.C. Index 4th Attorneys at Law § 28 ("[t]he statutory prohibition does not, however, apply to professional corporations organized for the practice of law."). In addition, the statute further states that "[n]othing in this section shall prohibit an attorney retained by a corporation, whether or not the attorney is also a salaried employee of the corporation, from representing the corporation or an affiliate…." N.C.G.S. § 84-5(b).

A recent decision by the United States District Court for the Eastern District of North Carolina appears to also be instructive on this issue. In McNeil v. North Carolina, the Honorable Louise W. Flanagan denied a similar request by a *pro se* plaintiff seeking to strike a notice of appearance by an attorney representing his own law firm.

> plaintiff moved to strike Davis W. Puryear's ("Puryear") Notice of Appearance on behalf of defendant Hutchens Law Firm from the record, contending Puryear is an employee of Hutchens Law Firm, and a corporation cannot represent itself in court. See Loc. Civ. Rule

> 5.2(b)(2) ("A corporation, a limited liability company, a partnership, a trust, an association, or any other entity that is not a natural person cannot appear pro se and must be represented by an attorney in accordance with Local Civil Rule 83.1."). Where Puryear is a member of the bar of the United States District Court for the Eastern District of North Carolina and admitted to practice, in accordance with Local Civil Rule 83.1, the court denied plaintiff's motion May 12, 2023.

McNeill v. North Carolina, No. 5:23-CV-003-FL, 2023 WL 3956802, at *1 (E.D.N.C. June 12, 2023); see also 5:23-CV-003-FL (Document Nos. 32 and 43).

Based on the foregoing, the undersigned finds that Plaintiff's "Motion For And Order Of Prohibition . . . And, Motion To Strike…" should be denied. It appears that Jill Walters is admitted to practice before this Court and is not precluded by N.C.Gen.Stat. § 84-5 from representing Defendant BDBC.

**IT IS, THEREFORE, ORDERED** that *pro se* Plaintiff's "Motion For An Order Of Prohibition Against The Law Firm Baker Donelson Bearman Caldwell & Berkowitz P.C., And Motion To Strike Defendants Baker Donelson Bearman Caldwell & Berkowitz P.C., Derek Wayne Mullins, Justin Michael Sveadas, Truist Financial Corporation's Motion For Time Extension (ECF 24)" (Document No. 41) is **DENIED**.

**SO ORDERED**.

Signed: September 8, 2023

_____
David C. Keesler
United States Magistrate Judge

3

Case 3:23-cv-00423-RJC-DCK   Document 45   Filed 09/08/23   Page 3 of 3