# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### CASE NO. 3:23-CV-423-RJC-DCK

| | |
|---|---|
| MAWULE TEPE, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| CLIFTON L. CORKER. et al., | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiff's "Motion To Challenge The Qualification Of Attorney Emily Louise Nenni And Motion To Strike Defendants Javitch Block LLC, Emily Louise Nenni, Michael David Slodov's Motion To Dismiss (ECF 4, 5)" (Document No. 6) filed August 4, 2023. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion and the record, the undersigned will <u>deny</u> the motion.

By the instant motion, *pro se* Plaintiff "challenge[s] the qualification of Ms. Emily Louise Nenni to practice law at the U.S. District Court for the Western District of North Carolina . . . and to represent simultaneously herself as *pro se*, Mr. Michael David Slodov, and their Law Firm Javitch Block LLC." (Document No. 6, p. 1). Plaintiff contends that Ms. Nenni and Javitch Block LLC will be witnesses in this lawsuit and therefore, "she must be disqualified as a counsel." (Document No. 6, p. 8). Plaintiff later asserts that Ms. Nenni, Mr. Slodov, and the entire law firm of Javitch Block LLC should be precluded "from representing themselves and any Party in this case." (Document No. 6, p. 13).

Plaintiff acknowledges filing similar actions in the United States District Court for the Eastern District of Tennessee, and challenging Ms. Nenni's qualifications in at least some of those actions. (Document No. 6, p. 8). The Tennessee court appears to have summarily denied Plaintiff's attempts to disqualify Emily Louise Nenni, as well as several other attorneys. See 1:21-CV-040-TRM-CHS (Document No. 68) (E.D.N.C. Feb. 14, 2023). Despite being defendants, and representing other defendants in the Tennessee cases, Plaintiff cites no decisions that found that Ms. Nenni or Javitch Block should be disqualified from appearing in those actions.

As Defendants and attorneys in this case, Nenni and Javitch Block assert that Plaintiff's motion in this case is "patently frivolous and devoid of merit." (Document No. 10, p. 1). Defendants further assert that "Mr. Tepe's agenda is to vexatiously multiply these proceedings as he has in the Eastern District of Tennessee." Id. Defendants also note that similar attempts to disqualify them haven been denied. (Document No. 10, p. 2) (citations omitted).

Defendants include the following arguments in response to Plaintiff's motion:

> the lawyer-witness rule applies to trial testimony, not pretrial proceedings on a motion. JENNIFER A. BROBST, ADMISSIBILITY OF EVIDENCE IN N.C. § 9:2 (4th ed.) ("The rule does not apply to pre-trial matters."); N.C. State Bar, 2020 Formal Ethics Opinion 3, no. 2 ("Rule 3.7's prohibition on a lawyer acting as both advocate and witness in a particular matter is confined to a lawyer's representation of a client at trial and does not automatically extend to the lawyer's representation of a client in pretrial proceedings.").
> . . . "A necessary witness is one whose evidence is material to issues in litigation, and which cannot be obtained elsewhere." *Knechtges v. N.C. Dep't of Pub. Safety*, No. 5:21-CV-225-BO, 2023 WL 2469915, at *2 (E.D.N.C. Feb. 22, 2023)(quoting *Metro. P'ship, Ltd. v. Harris*, CIV. A. 3:06CV522-W, 2007 WL 2733707 (W.D.N.C. Sept. 17, 2007)). The facts of this case were previously adjudicated to judgment and will not require any testimony from the undersigned counsel to establish. ECF No. 5, passim; ECF No. 5-1 to 5-25.
> . . .
> Last, allowing the undersigned to continue to represent herself as well as the law firm of Javitch Block LLC and one of its

> associates promotes the aims of the Federal Rules of Civil Procedure, including the "inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1. Requiring these defendants to retain outside counsel to defend this frivolous lawsuit would result in needless costs and cross motions for sanctions against Mr. Tepe.

(Document No. 10, pp. 2-3).

Plaintiff's "Reply Brief…" first raises an argument that was not raised in the pending motion or Defendants' response.[1] Plaintiff states that "[a] professional business entity cannot act as a pro se in North Carolina." (Document No. 15, p. 1) (citations omitted). Next, Plaintiff contends that this Court should not consider orders and judgments issued by the Eastern District of Tennessee because they did not follow "the constitutional procedural due process requirements under the Fifth Amendment." (Document No. 15, p. 3). Plaintiff contends that:

> None of the orders and judgments mentioned above are signed by a judge; some were signed instead by deputy clerks of Eastern District of Tennessee; thus they were fraudulently procured the defendants Javitch Block LLC, Michael David Slodov, and Emily Louise Nenni, and as presented, they failed to tackle, to discuss, and to oppose the Constitutionality of the ECF Policy's challenge issued by Plaintiff.

Id.

Finally, Plaintiff makes a nonsensical argument that Ms. Nenni has "failed to present proof of her admission to the bar of this federal court pursuant to local rule LCvR 83.1 . . . thus she must be disqualified." (Document No. 15, pp. 4-5).

In short, the undersigned is not persuaded by Plaintiff's arguments that attorney Emily L. Nenni is disqualified from appearing before this Court and representing herself and/or Javitch Block LLC and its members. The undersigned has confirmed with the Clerk of Court that Emily L. Nenni was admitted to practice before this Court in 2010, and remains in good standing.

---

[1] "A reply brief sho8ld be limited to a discussion of matters newly raised in the response." LCvR 7.1(e).

Moreover, it appears that Plaintiff's other cited authority is inapplicable, at least regarding pretrial proceedings.

As to Plaintiff's newly raised argument, the undersigned finds that N.C.Gen.Stat. § 84-5 does not preclude Nenni and Javitch Block LLC from representing themselves or other members of the law firm. The statute states in pertinent part that "this section shall not apply to corporations authorized to practice law under the provisions of Chapter 55B of the General Statutes of North Carolina." N.C.Gen.Stat. § 84-5(a); see also 2A N.C. Index 4th Attorneys at Law § 28 ("[t]he statutory prohibition does not, however, apply to professional corporations organized for the practice of law."). In addition, the statute further states that "[n]othing in this section shall prohibit an attorney retained by a corporation, whether or not the attorney is also a salaried employee of the corporation, from representing the corporation or an affiliate…." N.C.G.S. § 84-5(b).

A recent decision by the United States District Court for the Eastern District of North Carolina is also instructive on this issue. In McNeil v. North Carolina, the Honorable Louise W. Flanagan denied a similar request by a *pro se* plaintiff seeking to strike a notice of appearance by an attorney representing himself *and* his own law firm.

> plaintiff moved to strike Davis W. Puryear's ("Puryear") Notice of Appearance on behalf of defendant Hutchens Law Firm from the record, contending Puryear is an employee of Hutchens Law Firm, and a corporation cannot represent itself in court. See Loc. Civ. Rule 5.2(b)(2) ("A corporation, a limited liability company, a partnership, a trust, an association, or any other entity that is not a natural person cannot appear pro se and must be represented by an attorney in accordance with Local Civil Rule 83.1."). Where Puryear is a member of the bar of the United States District Court for the Eastern District of North Carolina and admitted to practice, in accordance with Local Civil Rule 83.1, the court denied plaintiff's motion May 12, 2023.

McNeill v. North Carolina, No. 5:23-CV-003-FL, (Document No. 45), 2023 WL 3956802, at *1 (E.D.N.C. June 12, 2023); see also 5:23-CV-003-FL (Document Nos. 1, 5, 32 and 43).

Based on the foregoing, the undersigned finds that Plaintiff's instant motion should be denied. Emily L. Nenni is admitted to practice before this Court and is not precluded at this time by N.C.Gen.Stat. § 84-5, or other authority, from representing herself and her law firm in this action.

**IT IS, THEREFORE, ORDERED** that *pro se* Plaintiff's "Motion To Challenge The Qualification Of Attorney Emily Louise Nenni And Motion To Strike Defendants Javitch Block LLC, Emily Louise Nenni, Michael David Slodov's Motion To Dismiss (ECF 4, 5)" (Document No. 6) is **DENIED**.

**SO ORDERED**.

Signed: September 11, 2023

David C. Keesler
United States Magistrate Judge