UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-000423-RJC-DCK

| MAWULE TEPE, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CLIFTON L. CORKER, et al., | ) **ORDER** |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on Plaintiff's Complaint, (Doc. No. 1), Defendants' Motions to Dismiss, (Doc. Nos. 4, 32, 37, 66, 74, 94, 100, 102), and this Court's related Roseboro Orders. (Doc. Nos. 7, 34, 38, 71, 76, 99, 104). Plaintiff filed this action and a flurry of motions in connection with his action against his former employer, two banks, three law firms, numerous lawyers, the states of Tennessee and Ohio, six United States Clerks of Court, seventeen Federal Judges, the United States District Court for the Eastern District of Tennessee, the United States Court of Appeals for the Sixth Circuit, the United States Department of Justice, and the United States itself.

In bringing this action, Plaintiff asks this Court to declare unconstitutional the Eastern District of Tennessee's Electronic Case Filing system, and he seeks damages against all defendants for what he claims is a conspiracy connected to that system. Plaintiff brought and lost a claim on the same or similar facts in the Eastern District

1

of Tennessee, though he now includes several new parties. *See* 1:22-cv-00264-DCLC-CHS (E.D.N.C.) (Doc. No. 69).

As Plaintiff has failed to timely respond to any of Defendants' Motions to Dismiss in the time allotted by the Roseboro Orders, and because Plaintiff lacks any basis in law on his claims, Defendants' Motions to Dismiss, (Doc. Nos. 4, 32, 37, 66, 74, 94, 100, 102), are **GRANTED** and Plaintiff's Complaint is **DISMISSED**.

The Court takes judicial notice of Plaintiff's status as a vexatious litigant in the United States District Court for the Eastern District of Tennessee related to claims identical or nearly so to the one before this Court. The Court also takes judicial notice of the pre-filing injunction imposed upon Plaintiff by the United States District Court for the Eastern District of Tennessee in 1:22-cv-00275-DCLC-CHS (E.D.T.N) (Doc. No. 96), for Plaintiff's abusive litigation tactics he appears to have now visited upon this Court.

The Court finds that it must take some limited action to protect itself from Plaintiff's disregard for its time and other dwindling resources. The Court does not lightly consider the imposition of a pre filing review system upon Plaintiff: "a judge should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004). The use of such a measure against a pro se litigant should be approached with particular care. *Id.* at 818. In *Cromer*, the Court identified a test for

determining whether to impose limitations on a litigant's access to the Courts. *Id.* The Court must:

> [W]eigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.* "'Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.'" *Black v. New Jersey*, No. 7:10-CV-57-F, 2011 WL 102727, at *1 (E.D.N.C. Jan. 11, 2011) (unpublished) (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

The Court finds that Plaintiff's filings constitute harassment. They have caused the Court to expend considerable resources. Based upon these circumstances, the Court concludes that Plaintiff will continue his abusive behavior if he is not subjected to a pre filing review system.

Before considering a pre-filing limitation, Plaintiff is offered an opportunity to explain why the Court should not impose such a pre-filing review system upon all future filings from him. *See Black*, 2011 WL 102727, at * 1 (noting that before imposing a pre-filing injunction, "the litigant must be given notice and an opportunity to be heard on the matter."). In the event Plaintiff fails to articulate a reason why that system should not be imposed, the Court will enter an Order directing that all documents submitted by Plaintiff in the future be pre-screened for content. The Court will review all of Plaintiff's intended filings. Any such document that is not made in

3

good faith or which does not contain substance or merit will be returned to Plaintiff without further explanation. Such a system will allow Plaintiff to have access to the Courts for his legitimate concerns, but will prevent him from usurping the Court's resources with his baseless submissions.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motions to Dismiss, (Doc. Nos. 4, 32, 37, 66, 74, 94, 100, 102), are **GRANTED**;
2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** with prejudice;
3. All other pending motions are **DENIED AS MOOT**; and
4. Within fourteen (14) days of the entry of this Order, Plaintiff shall file a single document, not to exceed more than three single-spaced pages, succinctly explaining why he believes the Court should not impose the above-described pre-filing review system. Plaintiff is expressly warned that his failure to fully comply with this directive will result in the Court's imposition of the subject pre-filing review system.

Signed: December 15, 2023

Robert J. Conrad, Jr.
United States District Judge