UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-000423-RJC-DCK

| | |
|---|---|
| MAWULE TEPE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CLIFTON L. CORKER, et al., | )  **ORDER** |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** is before the Court on Plaintiff's Objection and Motion to Set Aside the Court's Order and Judgment, (Doc. No. 121), which the Court construes as Plaintiff's response to the Court's Show Cause Order. (Doc. No. 115).

Plaintiff commenced the present action against his former employer, two banks, three law firms, numerous lawyers, the states of Tennessee and Ohio, six United States Clerks of Court, seventeen Federal Judges, the United States District Court for the Eastern District of Tennessee, the United States Court of Appeals for the Sixth Circuit, the United States Department of Justice, and the United States itself, seeking to have this Court declare the Eastern District of Tennessee's Electronic Case Filing system unconstitutional.

In its order from December 15, 2023, the Court granted Defendants' Motion to Dismiss and dismissed Plaintiff's complaint. The Court also warned Plaintiff that his continual filing of documents in this frivolous action constituted harassment and that persisting in such conduct would result in the Court imposing a pre-filing review upon

1

the Plaintiff. (Doc. No. 115). Plaintiff was given fourteen (14) days to show cause as to why this pre-filing review should not be imposed. He was asked to submit a single document, not more than three single-spaced pages, to explain why the Court should not impose a pre-filing review system. *Id.*

On the same day, Plaintiff filed an omnibus motion which included a Motion to Strike, Motion for Sanctions, and Motion for Joinder. (Doc. No. 117). Within this motion, Plaintiff provided Notice of Claims for others named within the motion. Consistent with this Court's previous order, the Magistrate Judge denied the motions as moot. (Doc. No. 118).

On January 2, 2024, Plaintiff filed a Motion to Set Aside, a Motion for Scheduling Order, and a Motion for Pretrial Conference. (Doc. No. 120). Again, consistent with this Court's previous Order, the Magistrate Judge denied Plaintiff's motion.

Plaintiff also filed the present Objection and Motion to Set Aside the Court's Order and Judgment on January 2, 2024. (Doc. No. 121). The Court will consider this document as Plaintiff's response to the show cause order.

Pursuant to Rule 11, the Court may impose sanctions to deter abusive litigation tactics. *See* Fed. R. Civ. P. 11(b)–(c) ("[T]he court may impose an appropriate sanction" on a party whose filings are intended to "harass, cause unnecessary delay, or needlessly increase the cost of litigation."). The Court also has the inherent authority to "fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991).

As the Court explained previously, it does not lightly consider the imposition of a pre-filing review system upon Plaintiff: "a judge should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004). The use of such a measure against a pro se litigant should be approached with particular care. *Id.* at 818. In *Cromer*, the Court identified a test for determining whether to impose limitations on a litigant's access to the Courts. *Id.* The Court must:

> [W]eigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.* "'Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.'" *Black v. New Jersey*, No. 7:10-CV-57-F, 2011 WL 102727, at *1 (E.D.N.C. Jan. 11, 2011) (unpublished) (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

Here, in its order of December 15, 2023, the Court provided Plaintiff with a warning that a pre-filing review system may be imposed and provided Plaintiff fourteen (14) days to respond showing cause why such a system should not be imposed. Plaintiff's response in his Objection and Motion to Set Aside is unavailing. (Doc. No. 121).

3

Case 3:23-cv-00423-RJC-DCK     Document 132     Filed 01/18/24     Page 3 of 5

In his Objection and Motion, Plaintiff persists in lodging frivolous claims, taking aim at the Magistrate Judge's handling of the case, moving to disqualify counsel, and alleging that the local rules for the Western District of North Carolina deprive him of fundamental rights. *Id.* He also alleges that the denial of his motions by the Magistrate Judge denied him fundamental rights of liberty and privacy. *Id.* at 10. By way of addressing this Court's Show Cause Order, Plaintiff claims "there is no lawful justification of the court's action" and objects to the Court's Order, asking the Court to "set aside this latest order and schedule a case management conference." *Id.* at 6. In his closing, Plaintiff asks the Court to "vacate the entire case proceeding and to clarify the Order [Doc. No. 115] and to provide a detail ruling statement and legal ground for on (sic) Plaintiff's objections and issues presented for review." *Id.* at 19.

The Court previously found that Plaintiff's filings in this frivolous action constitute harassment, causing the Court to expend considerable resources. (Doc. No. 115). Despite direct warning to Plaintiff about the imposition a pre-filing review system, he persisted. Plaintiff continues to hurl claims at the Court in this present Objection and Motion to Set Aside currently before the Court. Ultimately, Plaintiff has failed to articulate any good reason for the Court not to impose a pre-filing review system.

For these reasons, and for all the reasons set forth in the Court's prior Order, Doc. No. 115), the Court will direct that all documents submitted by the Plaintiff in the future will be pre-screened by the Court for content. Any proposed filings that are not made in good faith or which lack substance or merit will be returned to the

4

Plaintiff without further explanation. Such a review system "will allow Plaintiff to have access to the Courts for his legitimate concerns, but will prevent him from usurping the Court's resources with his baseless submissions." *Vandyke v. Francis*, No. 1:12-CV-128-RJC, 2012 WL 2576746, at *3 (W.D.N.C. July 3, 2012).

**IT IS THEREFORE ORDERED** that Plaintiff's pending motions, (Doc. Nos. 121, 125, 126), are **DENIED** as moot.

**IT IS FURTHER ORDERED** that a pre-filing review system is hereby **IMPOSED**, and all documents submitted by the Plaintiff in the future, whether in this case or in any other action filed in this District, will be pre-screened by the Court for content. Any proposed filings that are not made in good faith or which lack substance or merit will be returned to the Plaintiff without further explanation.

The Clerk is instructed to add this case to Plaintiff's Filer Status Report in CM-ECF.

Signed: January 18, 2024

Robert J. Conrad, Jr.
United States District Judge